PSS:MEL

**13 M 936**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MICHAEL O'BRIEN,
   also known as "Jeremy Soto,"

          Defendant.

- - - - - - - - - - - - -X

COMPLAINT AND
AFFIDAVIT IN
SUPPORT OF AN
ARREST WARRANT

(21 U.S.C. §§ 963 and 960(b)(3))

EASTERN DISTRICT OF NEW YORK, SS:

      JACK LEE, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

      On or about and between September 23, 2013 and October 10, 2013, within the Eastern District of New York and elsewhere, the defendant MICHAEL O'BRIEN, also known as "Jeremy Soto," did intentionally and knowingly conspire to import into the United States from a place outside thereof methylone, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

      (Title 21, United States Code, Sections 963 and 960(b)(3)).

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to

2

1.  I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been involved in the investigation of numerous cases involving narcotics, including the importation of narcotics. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file and from reports of other law enforcement officers involved in the investigation.

2.  On or about September 20, 2013, three packages bearing United States Postal Service ("USPS") Express Mail Numbers EE929935239CN ("package 1"), EE929935211CN ("package 2") and EE929935225CN ("package 3") arrived at the USPS mail facility at John F. Kennedy International Airport ("JFK") in Queens, New York. All three packages listed the number "89" as the sender name and included an address written in Chinese. Package 1 listed the recipient's name and address as Kimberly Ruud, at 1204 Avenue U, Brooklyn, New York ("the first subject address"). Package 2 listed the recipient's name and address as Kimberly Rudd, at 512a 77th Street #106, Brooklyn, New York ("the second subject address"). Package 3 listed the recipient's name and address as Charlene Ruud, at 41 Schemerhorn Street, Brooklyn, New York ("the third subject address"), (collectively, the "subject addresses").

3.  On or about September 20, 2013, United States Customs and Border Protection ("CBP") officers opened and inspected the contents of the three packages pursuant to a routine customs examination. Inside each of the three packages, the CBP officers

---

establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

observed a clear plastic bag with a crystalized rock-like substance. A field-test was conducted and provided positive results for methylone. In total, the substance recovered from the three packages weighed approximately 3,016 grams.

    4.  On or about September 20, 2013, agents from HSI contacted the subject addresses. All three subject addresses are shipping companies providing domestic and international shipping services as well as mail boxes for receiving packages. HSI agents were able to verify that the Kimberly Ruud had mailboxes at all three subject addresses. HSI agents reviewed mailbox applications for all three subject addresses and determined that the home address provided by Kimberly Ruud was the same address at all three subject addresses: 6113 62nd Street, Middle Village, Queens, New York.

    5.  On or about September 21, 2013, HSI agents were informed by an employee at the first subject address that another package bearing USPS Express Mail Number EE929855955CN ("package 4") arrived at the subject address. The sender address on package 4 was in China. The recipient's name and address were listed as Kimberly Ruud, at 1204 Avenue U, Brooklyn, New York (the first subject address). HSI agents were also informed that on the same day a package, bearing USPS Express Mail Number EE929855875CN ("package 5"), arrived at the second subject address bearing the same sender information as packages 1, 2 and 3. The recipient's name and address were listed as "Kim Chao," at 512a 77th Street #106 Brooklyn, New York (the second subject address).

    6.  On or about September 23, 2013, three separate groups of HSI agents posted themselves outside and inside each of the three subject addresses and provided employees at each of the subject addresses with a controlled delivery package, which did not

contain methylone and replaced packages 1, 2 and 3. Each of the three controlled delivery packages was to be provided to the recipient upon pick-up.

7.   At approximately 11:25 a.m. on September 23, 2013, at the second subject address, an agent from HSI observed and heard a white female inside the subject address approach the customer desk and request to pick up two packages (package 2 and package 5) from a mailbox belonging to Kimberly Ruud. Thereafter, the individual, who was later identified to be Kimberly Ruud, left the second subject address and entered her vehicle. She was pulled over by HSI agents a few blocks away from the second subject address. Ruud presented identification in her name. The agents requested and obtained a verbal consent for a search of the vehicle. The search of the vehicle revealed package 2 and package 5 on the floor of the front passenger seat and four similar looking packages in the trunk of the vehicle ("4 additional packages"). All four additional packages were sent from China to two additional mailbox stores. Two of the four packages were addressed to "Kimberly" at "sunshine designs" with no last name provided. The other two packages were addressed to "Kim" at "rudd industries" with no last name provided.

8.   In total, over five kilograms of a substance believed to be methylone[2] and four kilograms of a substance believed to be containing 3,4-Methylenedioxypyrovalerone

---

[2] Although laboratory testing has not yet been completed, based on my training and experience the substance in these packages is methylone. Although there is no a field test for methylone, methylone reacts similarly to 3,4-methylenedioxy-N-methylamphetamine ("MDMA"). The substance in these packages field tested positive for MDMA. However, the substance found in these packages was a white, crystalized substance, which is consistent with methylone, not MDMA, which is generally found in a pill format. Accordingly, based on my training and experience, the substance in these packages is methylone.

5

("MDPV")[3] were found in the packages that were seized on September 20, 2013 at JFK and September 23, 2013 in Ruud's car.

9. Thereafter, HSI agents placed Ruud under arrest. She was advised of her Miranda rights, waived those rights and agreed to speak with agents without a lawyer being present. Ruud stated, in sum and in part, that she believed she was picking up marijuana and was going to be paid. Ruud also consented to a search of her phone, which was assigned number (347) 204-6372. A review of her phone showed a number of text messages between her and the number (718) 300-9692, which is saved in her phone as "Big." On or about September 23, 2013, between approximately 11:10 a.m. and 11:47 a.m., "Big" sent Ruud at least four text messages, which appear, in context, to be discussing picking up the subject packages. At approximately 11:10 a.m., "Big" wrote, "Don't go to 131 today." At approximately 11:13 a.m., he wrote, "Okay, that's fine. As long as no problems." Then at approximately 11:39 a.m., he wrote, "180 was there?" followed at approximately 11:47 a.m. with "How many did you get done so far?" As discussed below, agents recovered ledger from MICHAEL O'BRIEN's home on October 10, 2013. On one page of the ledger, the number (347) 204-6372 is listed at the top of the page. This number is associated with the cellphone found on Ruud when she was arrested, containing the text messages with "Big." On the ledger, Kimberly Ruud's name is listed six times with various addresses, including the subject addresses. The addresses also include the mailbox numbers, which correspond to the numbers referenced in these text messages. Based on this information, we believe "Big" is MICHAEL

---

[3] Although laboratory testing has not yet been completed, the substance in these packages field-tested positive for MDPV.

O'BRIEN.

        10.     HSI agents learned that MICHAEL O'BRIEN had an outstanding warrant in Suffolk County for failing to appear after pleading guilty to criminal possession of a weapon in the third degree. On or about October 10, 2013, O'BRIEN was arrested by the Suffolk County Police Department in conjunction with HSI agents and Drug Enforcement Administration ("DEA") agents at O'BRIEN's apartment, 40-22 College Point Boulevard Apt. 3PHR, Queens, New York 11354 (the "first location"). O'BRIEN was advised of his Miranda rights, waived those rights and agreed to speak with agents without a lawyer being present. O'BRIEN admitted, in sum and substance and in part, that he was involved in the importation of controlled substances. O'BRIEN provided consent in writing for the agents to search the first location and a second location that he stated that he also rented located at 132-35 41st Road Apt. 5E, Queens, New York 11355 (the "second location"), as well as any computers and phones at these locations.

        11.     At the first location, agents discovered, among other things, over $10,000 in cash, approximately eight pounds of a substance believed to be marijuana, two police identification cards, numerous birth certificates and social security cards, and a number of computers and cellphones. In addition, as discussed previously, agents found a ledger in the living room of the first location. The ledger contained various addresses and mailbox numbers, including the subject addresses and mailbox numbers matching the numbers discussed in Ruud's text messages with "Big." At the second location, agents discovered, among other things, approximately 11 kilograms of a substance believed to be methylone, a pill press machine and hundreds of vials of steroids.

12. In addition to the statements and consents set forth in paragraph 10 above, after O'BRIEN had waived his <u>Miranda</u> rights, he stated, in sum and substance and in part, that the agents would find the evidence that they were looking for regarding his involvement in the importation of drugs on a Black Acer Aspire computer located in his apartment. Agents recovered this computer from the living room of O'BRIEN's apartment, the first location.

13. Due to the confidential nature of the information contained in this affidavit and to avoid the flight of targets, witness tampering, destruction of evidence and obstruction of justice that could result from the public filing of this application in advance of O'BRIEN's arrest, I respectfully request that this affidavit and the accompanying warrant be filed under seal.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant MICHAEL O'BRIEN, also known as "Jeremy Soto," so that he may be dealt with according to law.

*[signature]*
JACK LEE
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
29th day of October, 2013

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK